

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-82,010-03

### EX PARTE DAMIAN GALVAN HERNANDEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. CR13-0075-02 IN THE 415TH DISTRICT COURT FROM PARKER COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while intoxicated and sentenced to ten years' imprisonment.

Applicant contends that he was denied his right to a direct appeal through no fault of his own. The application was previously remanded, and the trial court held an evidentiary hearing.

Trial counsel testified that he briefly discussed with Applicant his appellate rights immediately after the trial concluded. Counsel did not elaborate as to what he said but stated the discussion was done as counsel reviewed with Applicant the "Trial Court's Certification of

Defendant's Right of Appeal" form, which both counsel and Applicant signed. Counsel also testified that Applicant never asked him to pursue an appeal or to file a notice of appeal for him. Applicant contends, however, that he thought the appellate certification form he signed was for an appeal. Counsel testified, though, that Applicant indicated he understood his appellate rights as explained to him on the certification.

This Court, in *Jones v. State*, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003), outlined the steps trial counsel must take to preserve a defendant's appellate rights. This Court wrote:

> Trial counsel's responsibilities consist of a two-step process. First, the attorney must ascertain whether the defendant wishes to appeal. The decision to appeal lies solely with the defendant.... If the defendant does not wish to appeal, trial counsel's representation ends. If the defendant decides to appeal, the attorney must ensure that written notice of appeal is filed with the trial court. At this point, trial counsel has two options. He may sign the notice himself, in which case, he effectively "volunteers" to serve as appellate counsel. Alternatively, the defendant may file the notice pro se, which serves as "an indication that trial counsel 'does not wish to pursue his client's appeal.'" A "contemporaneous" presentation of the pro se notice with a motion to withdraw by trial counsel serves as actual notice to the trial court of the defendant's desire to appeal.

The trial court finds that trial counsel's review of the appellate certification with Applicant was adequate to protect Applicant's appellate rights. The certification is not in the habeas record, however, and trial counsel said nothing at the hearing about whether he ascertained if Applicant wished to appeal and whether he told Applicant he could file the notice of appeal *pro se*.

In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall resolve whether trial counsel complied with *Jones, supra,* when advising Applicant of his appellate rights. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make additional findings of fact and conclusions of law as to whether Applicant was denied his right to a meaningful appeal. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: September 16, 2015
Do not publish